856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond L. ROBERTS and Sherry L. Roberts, d/b/a Roberts
Farm, Plaintiffs- Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 88-1165.
 United States Court of Appeals, Federal Circuit.
 Aug. 12, 1988.
 
 Before ARCHER, MAYER and MICHEL, Circuit Judges.
 ARCHER, Circuit Judge.
 
 DECISION
 
 1
 Raymond L. Roberts and Sherry L. Roberts, d/b/a Roberts Farm (hereinafter referred to collectively as Roberts) appeal from the grant by the United States Claims Court of summary judgment in favor of the United States (government). Roberts v. United States, 13 Cl.Ct. 774 (1987). We reverse and remand.
 
 
 2
 Roberts sought to recover damages for the alleged breach by the Farmers Home Administration (FmHA) of an implied-in-fact contract to make a loan in the amount of $150,000 for the purchase of dairy cows. For purposes of ruling on the government's motion for summary judgment, the Claims Court assumed there was a "meeting of the minds" regarding the loan between Roberts and the county supervisor and that the latter could issue Economic Emergency (EE) loans "for amounts up to $350,000." However, in responding to the government's "Proposed Finding of Uncontested Facts," Roberts stipulated that they did not file a formal loan application, FmHA Form 410-1, with respect to the EE loan at issue. The Claims Court held that in the absence of a formal loan application for the EE loan, the county supervisor lacked authority to make such a loan, and thus there could be no implied-in-fact contract.
 
 
 3
 Roberts presented evidence, however, that a proper loan application had been submitted prior to the receipt of a FmHA loan in the amount of $90,000 on August 20, 1980. This loan was designated as a Farm Ownership (FO) loan and was used by Roberts principally for the purchase of farm property. Thereafter, a second FmHA loan in the amount of $30,000 was made to Roberts on August 27, 1980, which was designated as an EE loan. Roberts stated by affidavit that this EE loan was made on the basis of the initial loan application and that no further loan application was required. Thus, the current FO loan application was apparently deemed sufficient for the $30,000 EE loan. Moreover, the provisions of the regulations cited by the Claims Court in support of its decision do not specifically require that a new, separate loan application form be submitted each time a loan is made or increased.
 
 
 4
 We conclude that genuine issues of fact exist as to whether the county supervisor lacked lending authority to approve the remaining amount of the EE loan which, based on the undisputed facts and inferences in favor of the non-movant, Roberts, we must assume he had agreed to provide Roberts. Accordingly, the summary judgment of the Claims Court is reversed and the case is remanded for trial.